**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN DOUGLAS MCGEE, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:24-cv-01479-AGF |
| ) | |
| VALERIE HUHN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This 28 U.S.C. § 2254 matter is before the Court upon review of four motions filed by Petitioner Kevin Douglas McGee. First, Petitioner has filed two motions seeking leave to proceed in forma pauperis (ECF Nos. 2 and 5). Petitioner filed the first motion on November 4, 2024. He states he "make[s] and clear[s]" $100 per month, indicates he can make payments to the Court, and writes "Bill Me." (ECF No. 2 at 2). Petitioner filed the second motion on December 4, 2024. He states he earns $80 per month and takes home $79.40, and currently has $170 available in his account. He included a form from the Missouri Department of Mental Health indicating that he may be billed for care, but the net amount of his obligation is not stated. He does not allege that the obligation would render him unable to pay the filing fee.

The filing fee for this action is $5. Based upon Petitioner's averments in both motions, he is able to pay that amount. Therefore, the Court will deny both of Petitioner's motions for leave to proceed in forma pauperis, and direct him to pay the $5 filing fee within 30 days.

Petitioner has also filed two motions seeking the appointment of counsel. (ECF Nos. 3 and 6). The motions will be denied without prejudice. There is no constitutional right to appointed counsel in a habeas action. *See* 28 U.S.C. § 2254(h) (stating that a court may appoint counsel for a financially eligible petitioner); *see also Hoggard v. Purkett,* 29 F.3d 469, 471 (8th

Cir. 1994) (noting that habeas proceedings are civil proceedings in which the Sixth Amendment right to counsel is inapplicable, and that it has never "been held that there is a constitutional right to counsel in a habeas action."). Instead, a court may appoint counsel to represent a financially eligible habeas petitioner if the court determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2254(h). If the district court conducts an evidentiary hearing, the interests of justice require the appointment of counsel. *Hoggard,* 29 F.3d at 471; *see* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. Otherwise, the appointment of counsel is discretionary. *Hoggard,* 29 F.3d at 471 (citation omitted). In this case, it is not apparent that the interests of justice require appointing counsel at this time. However, recognizing that circumstances may change, the Court will deny the motions without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motions seeking leave to proceed in forma pauperis (ECF Nos. 2 and 5) are **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motions seeking the appointment of counsel (ECF Nos. 3 and 6) are **DENIED** without prejudice**.**

**IT IS FURTHER ORDERED** that Petitioner must pay the $5 filing fee within thirty (30) days of the date of this Memorandum and Order.

**Petitioner's failure to timely pay the $5 filing fee may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 11th day of December, 2024.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
SENIOR UNITED STATES DISTRICT JUDGE